UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| J. R. CHESHIER, INC.,<br><br>　　　　　　Plaintiff,<br><br>　v.<br><br>STATE OF WASHINGTON;<br>GAYLE M. HARTHCOCK;<br>STEPHEN BROWN;<br>JAMES K. ADAMS;<br>DAVID ROSE;<br>BRADLEY MELLOTTE;<br>JOSEPH BRUSIC;<br>YAKIMA COUNTY;<br>JAMES BELL; and<br>THEADORE MELLOTTE,<br><br>　　　　　　Defendants. | NO: 1:16-CV-3059-TOR<br><br>ORDER DENYING<br>RECONSIDERATION |

　　BEFORE THE COURT is Plaintiff J. R. Cheshier, Inc.'s Motion for Reconsideration (ECF No. 9). While Plaintiff noted this matter for hearing on May 23, 2016, such a hearing conflicts with the Court's Order to obtain counsel by that date (ECF No. 3) and would cause Plaintiff to unnecessarily suffer under the false

ORDER DENYING RECONSIDERATION ~ 1

impression that it did not have to comply with the Court's Order.  Pursuant to LR 7.1(h)(2)(C), the Court heard the instant motion on an expedited basis.

Plaintiff, by and through its President and Chief Executive, David L. R. King, contends the precedent the Court cited is "unfounded and off point."  Rather, Plaintiff contends *Pele Def. Fund v. Paty*, 73 Haw. 578, 837 P.2d 1247 (1992), is more "parallel and on point."  Plaintiff is mistaken.  *Pele Def. Fund* does not address the issue of whether an artificial entity, like a corporation, can appear other than through counsel.  Indeed, *Pele Def. Fund* was represented by counsel in that proceeding.  *Id*. at 1253.  Plaintiff's misguided citation to *Pele Def. Fund*'s quotation concerning standing is not the issue presently before the Court.

Next, Plaintiff contends the word "may" contained in the Local Rules means discretionary.  That may be true, but the discretion lies with the Court, not the litigants.  Plaintiff then cites *Faretta v. California*, 422 U.S. 806 (1975).  *Faretta* concerned the constitutional right of a criminal defendant to represent himself.  It does not concern artificial entities like corporations, whatsoever.

Plaintiff contends 32 days to obtain counsel is an insufficient amount of time, but offers no reasonable alternative.  Plaintiff seeks the appointment of a Deputy United States Attorney General while curiously citing an Alternative Dispute Resolution local rule.  No authority provides the Court the ability to make such an

1  appointment. Plaintiff offers that the Court could appoint counsel, but again cites

2  no authority, indigency or facts warranting such extraordinary relief.

3      Here, the court finds no compelling circumstances to avoid the rule that

4  "corporations and other unincorporated associations must appear in court through

5  an attorney." *In re Am. W. Airlines*, 40 F.3d 1058, 1059 (9th Cir. 1994); *Taylor v.*

6  *Knapp*, 871 F.2d 803, 806 (9th Cir. 1989).

7      **ACCORDINGLY, IT IS HEREBY ORDERED:**

8      1.  Plaintiff J. R. Cheshier, Inc.'s Motion for Reconsideration (ECF No. 9) is

9          **DENIED**.

10     2. Plaintiff J.R. Cheshier, Inc. shall secure licensed counsel who shall then

11         enter a notice of appearance on its behalf no later than **May 23, 2016**.

12     3. Absent the appearance of licensed counsel on Plaintiff's behalf by May 23,

13         2016, this matter will be dismissed.

14     The District Court Clerk is directed to enter this Order and provide copies to

15 the parties.

16     **DATED** May 5, 2016.



THOMAS O. RICE
Chief United States District Judge

ORDER DENYING RECONSIDERATION ~ 3