UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

J. R. CHESHIER, INC.,

Plaintiff,

v.

STATE OF WASHINGTON; GAYLE M. HARTHCOCK; STEPHEN BROWN; JAMES K. ADAMS; DAVID ROSE; BRADLEY MELLOTTE; JOSEPH BRUSIC; YAKIMA COUNTY; JAMES BELL; and THEADORE MELLOTTE,

Defendants.

NO: 1:16-CV-3059-TOR

ORDER DISMISSING CASE WITHOUT PREJUDICE

BEFORE THE COURT is Plaintiff J. R. Cheshier, Inc.'s third Motion to Enlarge Time for Attorney to File Appearance (ECF No. 47). This matter was heard without oral argument. The Court has reviewed the motion, the record therein, and is fully informed.

On April 18, 2016, David L. R. King, purportedly acting as President and Chief Executive Officer, filed a complaint on behalf of Plaintiff, J. R. Cheshier, Inc. ECF No. 1. On April 21, 2016, this Court issued an Order directing Plaintiff to secure licensed counsel to appear in this matter on its behalf by May 23, 2016, or suffer dismissal of this case. *See* ECF No. 3. By request filed May 23, 2016, this Court provided Plaintiff a 30-day extension of time, and ordered that Plaintiff's licensed counsel enter a notice of appearance on its behalf no later than June 23, 2016. ECF No. 37.

In the meantime, Jetson Reed Cheshier entered his appearance as President and Chairman of the Board for Plaintiff, J. R. Cheshier, Inc. ECF No. 28 at 2. Jetson Reed Cheshier explained that he removed David L. R. King as Chief Executive Officer and President on May 3 and again on May 20, 2016. *Id*. David L. R. King has since filed a notice that he will be outside the jurisdiction of the Court and unavailable until on or before May 10, 2017. ECF No. 46.

Plaintiff, by its purported Chairman of the Board, Jetson Reed Cheshier, sought another extension of time for its licensed counsel to file a notice of appearance. *See* ECF No. 40. The Court granted Plaintiff "a **final** extension of time" until July 25, 2016. ECF No. 42. The Court warned Plaintiff: "**Absent the appearance of licensed counsel on Plaintiff's behalf by July 25, 2016, this matter will be dismissed without prejudice.**" *Id*. (emphasis in original).

On July 25, Plaintiff, by its purported Chairman of the Board, Jetson Reed Cheshier, has filed yet another motion to enlarge time for attorney to file appearance. ECF No. 47. According to the filing:

> Negotiating with law firm, awaiting contract to sign, and appearance after signing. One I hired took money and then said no, looking for new firm, let me know on Friday, July 22, 2016 at 3:00 P.M.

The history of this case highlights some of the reasons why a corporation may only appear through licensed counsel. It has been over three months since the complaint was filed in this matter. All the pleadings filed on Plaintiff's behalf without licensed counsel are a nullity. In federal court, "corporations and other unincorporated associations must appear in court through an attorney." *In re Am. W. Airlines*, 40 F.3d 1058, 1059 (9th Cir. 1994). *See also Rowland v. California Men's Colony, Unit II Men's Advisory Council*, 506 U.S. 194, 202 (1993) ("a corporation may appear in the federal courts only through licensed counsel").

The Court will dismiss this action without prejudice to refiling a complaint by licensed counsel authorized to represent the corporation.

**ACCORDINGLY, IT IS HEREBY ORDERED:**

1. Plaintiff's Motion to Enlarge Time for Attorney to File Appearance (ECF No. 47) is **DENIED**.
2. This case is **DISMISSED without prejudice**.
3. All other pending motions are **DENIED** as moot.

4. The District Court Executive is directed to enter this Order and Judgment accordingly, provide copies to the parties and **CLOSE** the file.

**DATED** June 27, 2016.




THOMAS O. RICE
Chief United States District Judge